UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TALBOTS ASIA PACIFIC LIMITED, ET AL.** | CIV. ACTION NO. 3:24-00467 |
| **VERSUS** | JUDGE TERRY A. DOUGHTY |
| **NEW VALMAR BV, ET AL.** | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned magistrate judge, on reference from the District Court. For reasons assigned below, the undersigned finds that the court lacks subject matter jurisdiction, and, therefore, it is recommended that the case be remanded to state court.

**Background**

On March 5, 2024, Plaintiffs Talbot's Asia Pacific Limited ("TAP"); Admar International, Inc. ("Admar"); and Talbot's Pharmaceuticals Family Products, L.L.C. ("Dr. Talbot's") (collectively, "Plaintiffs") filed the instant Petition for breach of contract and declaratory judgment against Defendants New Valmar BV ("New Valmar") and François De Vriendt ("De Vriendt") (collectively "Defendants") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. (Petition for Damages).[1]

Plaintiffs allege, in pertinent part, that,

   7.   This is a civil action for breach of contract and a declaratory judgment. Beginning in or around 2014, Defendants entered into agreements with TAP . . .

---

1 Plaintiffs originally filed the same suit before this court on February 26, 2024, but voluntarily dismissed it without prejudice on March 5-6, 2024, when the court questioned the existence of diversity jurisdiction. *See Talbots Pharmaceuticals Asia Pacific Ltd et al v. New Valmar BV et al*, Civ. Action No. 24-0277 (W.D. La.) ("*Talbots I*").

8. TAP has licenses from Admar to sublicense Intellectual Property (IP) to distributors such as Defendants. The agreements with TAP authorized Defendants to sell NUBY and DR. TALBOT'S branded products in parts of Europe, the Middle East, and Africa. Also pursuant to the agreements, Defendants were to purchase the NUBY and DR.TALBOT'S branded products from TAP and pay TAP for those purchases. Pursuant to the agreements, TAP sold NUBY and DR. TALBOT'S branded products to Defendants.

9. The agreements with TAP also provided that Defendants would use the Admar IP, including the NUBY and DR. TALBOT'S trademarks, except as authorized by TAP.

10. In breach of their agreements with TAP, Defendants have failed to pay for products purchased from TAP, and currently owe TAP in excess of $120,000.

11. Also in breach of their agreements, Defendants have used the Admar IP without authorization from TAP[.]

12. Separately, Defendants claim they have an agreement with Dr. Talbot's that grants them certain rights to sell NUBY and DR. TALBOT'S branded products in Europe, the Middle East and Africa. To the extent that Defendants claim they have an agreement with Dr. Talbot's, Dr. Talbot's denies that there was ever such an agreement. Dr. Talbot' [sic] denies that it ever entered into an agreement with Defendants and alternatively if there was ever such an agreement, it terminated long ago. Dr. Talbot's seeks a judgment declaring that there is no agreement between Defendants and Dr. Talbot's.

(Petition, ¶¶ 7-12). Consistent with the foregoing allegations, the Petition sets forth two claims for breach of contract, one each by TAP and Admar. *Id.*, ¶¶ 27-35. In addition, Dr. Talbot's seeks a judgment declaring that there is no enforceable agreement between it and Defendants. (Petition, ¶¶ 27-40).

On April 5, 2024, Defendants removed this matter to federal court and invoked the court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338. (Notice of Removal). The fact notwithstanding that Plaintiffs' claims are solely contract-based, Defendants maintain that

2

Plaintiffs' petition "necessarily sets forth a federal trademark infringement claim." (Notice of Removal, ¶ 14). In support of their argument, Defendants cited the following excerpt from *Uptown Grill, L.L.C. v. Shwartz*:

> [f]ederal question jurisdiction exists over a declaratory judgment action based on trademarks where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" and where the alleged infringer is actively engaged in conduct that could constitute trademark infringement. *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745, 748 (5th Cir.2009) (quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007)).

*Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016); Notice of Removal, ¶ 13.

On April 11, 2024, the court reviewed the record, but was unable to discern a federal question on the face of Plaintiffs' petition. (April 11, 2024, Order [doc. # 14]). The undersigned further noted that Defendants appeared to have taken the language from *Uptown Grill* out of context, considering the live issue in that case pertained primarily, if not exclusively, to whether the declaratory judgment action satisfied Article III's case or controversy requirement. *Id.*

Furthermore, in the wake of the Supreme Court's recent decision finding that provisions of the Lanham Act[2] "are not extraterritorial" and "extend only to claims where the claimed infringing use in commerce is domestic,"[3] the undersigned remarked that federal trademark law

---

[2] "Trademark and service mark infringement claims are governed by the Trademark Act of 1946 (Lanham Act), 15 U.S.C. §§ 1051 *et seq.*" *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 (5th Cir 2010).

[3] *Commodores Entm't Corp. v. McClary*, No. 22-10188, 2023 WL 5664170, at *2 (11th Cir. Sept. 1, 2023) (quoting *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 426–28; 143 S.Ct. 2522, 2533–34 (2023).

3

did not appear to be implicated in this case at all, where the Plaintiffs have asserted only contract-based claims against two *foreign* Defendants related to their extraterritorial activities in Europe, the Middle East, and Africa. *Id*. Accordingly, the court granted Defendants leave to file a brief that addressed the court's jurisdictional concerns and also accorded Plaintiffs the opportunity to file a response brief, as warranted. *Id*.

On April 18, 2024, Defendants filed a response wherein they advanced several points. (Defs. Response [doc. # 15]). While Defendants acknowledged that Plaintiffs failed to cite the Lanham Act in their petition, they contend that Plaintiffs' allegations were broad enough to encompass a Lanham Act claim pertaining to domestic infringement because they did not specifically limit the scope of Defendants' alleged infringing use to extraterritorial acts. *Id*. Nonetheless, if Plaintiffs agreed to clarify that the alleged infringement was based solely on extraterritorial activities, then Defendants would concede that the Lanham Act was inapplicable and federal question jurisdiction is absent. *Id*. In addition, Defendants disputed the court's interpretation of *Uptown Grill*. *Id*.

Plaintiffs did not file a response. Accordingly, the matter is ripe.

## **Analysis**

As a court of limited jurisdiction, federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). A suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Howery,* 243 F.3d at 916. As Defendants invoked federal jurisdiction, they bear the burden of demonstrating the existence of a federal

4

question. *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation omitted).

Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal law authorizes defendants to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). In this case, Defendants invoked the court's original jurisdiction under 28 U.S.C. § 1331, i.e., as a "civil action[ ] arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1338(a): "any civil action[ ] arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks . . ." (Notice of Removal). The Supreme Court has interpreted the phrase, "arising under," in both sections identically and applies §§ 1331 and 1338(a) precedent interchangeably. *Gunn v. Minton*, 568 U.S. 251, 257; 133 S.Ct. 1059, 1064 (2013) (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808–809, 108 S.Ct. 2166 (1988)).

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v.*

5

*Mottley*, 211 U.S. 149, 152 (1908). In other words, a district court's federal question jurisdiction extends over

> only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims.

*Christianson,* 486 U.S. at 808; 108 S. Ct. at 2173-74 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983)).

Furthermore,

> § 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal [trademark] law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [trademark] law is a necessary element of one of the well-pleaded claims.

*Christianson*, 486 U.S. at 808–09; 108 S.Ct. at 2174 (citation omitted).

In short, the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392; 107 S.Ct. 2425, 2429 (1987). Consequently, a defendant may not usurp the plaintiff's choice of forum "by injecting a federal question into an action that asserts what is plainly a state-law claim," in an attempt to transform the action into one arising under federal law. *Id*.

When the plaintiff has elected to proceed on the basis of state law claims alone, then "the defendant must show that a federal right is an essential element of the plaintiff's cause of action." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (citation omitted). In fact,

> [i]f on the face of a well-pleaded complaint there are . . . reasons completely

6

> unrelated to the provisions and purposes of [the trademark laws] why the [plaintiff] may or may not be entitled to the relief it seeks, then the claim does not "arise under" those laws. Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless [trademark] law is essential to each of those theories.

*Christianson*, 486 U.S. at 810; 108 S.Ct. at 2174 (internal citations and quotation marks omitted).

The court reiterates its prior observation that no federal law claim appears on the face of Plaintiffs' petition. Instead, Plaintiffs specifically set forth claims for breach of contract and seek a declaration that there is no enforceable agreement between Dr. Talbot's and Defendants. There is no indication that these claims are premised on federal law or the U.S. Constitution.

This is no accident. Plaintiffs, their other related entities, and their counsel, are well-versed in the intricacies of IP litigation and know well how to assert a claim under federal trademark law, i.e., the Lanham Act, when they are so inclined. *See, e.g., Admar International, Inc. v. Eastrock, L.L.C.*, Civ. Action No. 20-0904 (W.D. La.). In this case, they opted not to do so. It is of no moment whether this is a litigation strategy or, alternatively, a tacit recognition that they have no good faith basis under Rule 11 for asserting such a claim. It certainly is not because Plaintiffs are scheming to avoid a federal forum. After all, they filed this same suit in federal court previously, *see* fn. 1, and did not object to the removal of the present iteration of the suit, either initially, or in response to the court's invitation. *See* Notice of Removal, ¶ 22. Regardless, it is manifest that parties cannot consent to or otherwise waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In an attempt to overcome the patent lack of a federal law claim appearing on the face of Plaintiffs' petition, Defendants argue that Plaintiffs' allegations call for a determination of the validity of one or more agreements between the parties, which will establish whether Defendants

have or have not engaged in trademark infringement. *See* Notice of Removal, ¶¶ 17-18. Thus, Defendants conclude that *Uptown Grill* supports the exercise of federal question jurisdiction. *Id*. Defendants, however, miss the mark.

The Supreme Court long ago held that a petition to set aside a contract that granted a defendant the right to use the plaintiff's patented property depended "in no degree whatever upon any act of Congress concerning patent rights." *Wilson v. Sandford*, 51 U.S. 99, 102 (1850). Moreover, as recently as 2007, the Fifth Circuit plainly stated that "removal of a trademark infringement action is improper 'when a plaintiff does not clearly state he is seeking relief under the Lanham Act.'" *In re: Hot-Hed Inc.*, 477 F.3d at 324 (citations omitted). Because a Fifth Circuit panel cannot contravene Supreme Court precedent or even a prior Fifth Circuit panel decision, it is manifest that the language Defendants borrowed from *Uptown Grill* is taken out of context or otherwise constitutes dictum.

Defendants further argue that because Plaintiffs did not expressly limit the scope of their allegations to Defendants' *extraterritorial* activities, Plaintiffs potentially are challenging Defendants' *domestic* activities, which may be redressed under the Lanham Act. *See* doc. # 15. Again, however, Plaintiffs have not asserted a claim under the Lanham Act. Moreover, any ambiguities regarding the law upon which Plaintiffs have based their claims must be construed *against* removal. *Lorenz v. Texas Workforce Comm'n*, 211 Fed. App'x. 242, 245 (5th Cir. 2006); *see also In re: Hot-Head, Inc.,* 477 F.3d at 324.

Of course, a cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax*

8

*Bd. of State of Cal., supra*, 463 U.S. at 1. In other words, a federal issue embedded in a state law cause of action will confer federal question jurisdiction when "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363 (2005)). "Where *all four* of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn,* 568 U.S. at 258; 133 S. Ct. at 1065 (emphasis added).

Here, however, after having construed any ambiguity in Plaintiffs' petition as asserting solely contract-based claims under state (or foreign) law, it is not apparent that it is necessary to resolve any substantial, disputed question of federal law. Defendants' conclusory assertions to the contrary do not begin to establish that Plaintiffs' state law claims raise a significant federal issue sufficient to confer federal question jurisdiction. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008) (in absence of specific argument that addresses the *Grable & Sons* standard, the court cannot find that the complaint raises a significant federal issue); *Gunn,* 68 U.S. at 258; 133 S. Ct. at 1065; *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, Civ. Action No. 02-1734, 2002 WL 31819167, at *5 (E.D. La. Dec. 13, 2002) (no federal question jurisdiction stemming from ostensible Lanham Act claim lurking beneath plaintiff's petition); *Gen. Mills, Inc. v. Retrobrands USA, LLC*, Civ. Action No. 19-0258, 2019 WL 1578689, at *3 (D. Minn. Apr. 12, 2019 (breach of settlement agreement did not impact Lanham Act or raise a

9

substantial issue of federal law) (collecting other cases); *see also Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001) (holding case did not arise under federal law where the trademark claim was a "veneer for a contract dispute").[4]

### Conclusion

For the reasons explained, the court finds that Plaintiffs' petition does not assert claims arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. §§ 1331 & 1338(a). Accordingly, subject matter jurisdiction is lacking, and remand is required. 28 U.S.C. § 1447(c). Therefore,

IT IS RECOMMENDED that the matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

---

4 As the Fourth Circuit recognized,

> [v]iewed from any perspective, this is not a Lanham Act case; it is a simple contract dispute. It poses not a question of infringement, but a question of ownership. Resolution does not depend on the Lanham Act or any other federal law, but rather upon the construction of the contract under Puerto Rican law. We therefore have no business hearing it in federal court.

*Gibraltar, P.R., Inc. v. Otoki Grp., Inc.*, 104 F.3d 616, 619 (4th Cir. 1997).

final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

In Chambers, at Monroe, Louisiana, on this 3rd day of May, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

11